**Margaret TREADWELL, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendants.**

**No. 80 Civ. 2984 (PNL).**

United States District Court, S. D. New York.

March 31, 1982.

Howard Schell Reilly, Newburgh, N. Y., for plaintiff.

J. D. Pope, Asst. U. S. Atty., New York City, for defendants.

## OPINION AND ORDER

LEVAL, District Judge.

Petitioner Margaret Treadwell brought suit pursuant to 42 U.S.C. § 405(g) for review of a final determination of the Secretary of Health and Human Services (HHS) that she was not entitled to disability benefits. Her claim was denied after a hearing before an administrative law judge (ALJ), who found that she lacked sufficient quarters of coverage to be eligible for benefits under 42 U.S.C. § 423(a)–(c). Petitioner contends her rights were abridged by failure to enforce her subpoenas.

Petitioner, who was represented by counsel, requested and obtained subpoenas for the payroll and tax records of alleged employers in Florida and New York pursuant to 20 C.F.R. § 404.950(d).[1] Only two of those subpoenaed had responded by the time of the hearing and the ALJ agreed to keep the record open for sixty days. When petitioner's attorney requested enforcement of the subpoenas, the ALJ responded that he had no enforcement authority and advised counsel to seek enforcement through the United States Attorney's office.[2]

Petitioner's attorney contacted the United States Attorney's office as suggested but was then referred by the United States Attorney to the Secretary. The record reveals no further efforts to enforce, nor any decision not to enforce, the subpoenas. HHS field representatives contacted the alleged employers concerning the subpoenaed information with little success. One employer did report two quarters of employment which had not appeared on petitioner's earnings record and were credited to her. She was still six quarters short of the required twenty. The others contacted by the Secretary gave varying responses. One person flatly denied that petitioner had ever worked for him. Another contact stated that petitioner had in fact worked as a domestic employee but only for a few days and did not earn enough to report. One employer stated that petitioner had worked for him periodically on someone else's social security number, usually her husband's. He said he no longer had records available although he would be willing to write to the IRS to release his records to the Secretary for the years in question. Another employer said that petitioner had worked for the company but that the records for the years in question were unavailable. Finally, the employer whom petitioner alleged she had worked for periodically over the course of fourteen years stated that although petitioner's husband worked for the company, she herself had not done so.

1. The regulation provides:
   When it is reasonably necessary for the full presentation of a case, an administrative law judge or a member of the Appeals Council may, on his or her initiative or at the request of a party issue subpoenas for the appearance and testimony of witnesses and for the production of books, records, correspondence, papers, or other documents that are material to an issue at the hearing.
   20 C.F.R. § 404.950(d) (1981).

2. The record is as follows:
   ALJ: Now, as far as the authorities who the subpoenas were directed to complying with the subpoenas, I have no enforcement authority. Enforcement authority has to be gone through, I believe, the United States Attorney's office.
   Attorney: Um-hum. So I have to get in touch with the United States Attorney's office.
   ALJ: And ask him to enforce the subpoenas. Now, if you hold on after this hearing is over, I'll give you whatever information I have with respect to how enforcement proceedings are started. But you understand that this Bureau does not have enforcement proceedings and I don't have them. You and I trying collectively, are trying to get all the records in this case.
   Record at 136.

A year and four months later, the ALJ issued an opinion denying petitioner's claim. The opinion gave little weight to the testimony of the claimant, her husband, and their daughter. The ALJ further found the statement of an employer that he had credited petitioner's work to her husband's social security number not credible because it was unsigned and unsworn, made five years after the fact, and was not substantiated by any record of employment.

The discretionary power to seek enforcement of a subpoena in such a proceeding appears to be with the Secretary. *See* 42 U.S.C. § 405(e) (1976). Unfortunately, the ALJ had no clear idea of the proper procedure. Respondent's memorandum filed in this court demonstrates no greater familiarity with the procedures; it states, without citation to any authoritative support, that petitioner was required to apply to the ALJ, who would then decide whether or not to transmit the request to the appropriate HEW Regional Attorney. Supplemental Memorandum of Respondent at 3. As it actually occurred, petitioner followed the ALJ's suggestion and applied to the United States Attorney for enforcement. The United States Attorney, in turn, passed on petitioner's request to the Regional Attorney of HEW.[3] In light of these events, it would seem incumbent on the Secretary to clarify the procedures to be followed when petitioners seek enforcement of subpoenas.

In this case, petitioner does not appear to have followed up her request after the United States Attorney forwarded it to the Secretary. Although the record is silent, it appears that the Secretary considered the request and turned it down. Such denial was within the Secretary's discretion, although subject to the risk that the ALJ might draw an inference adverse to the Secretary by reason of his failure to seek enforcement of the subpoena. It would seem a better practice for the Secretary to state on the record his reasons for denial of enforcement. This would permit a reviewing court to determine whether the decision came within the proper exercise of discretion and would permit the ALJ to determine whether he should draw inferences against the Secretary by reason of the refusal to enforce.

Although this record is far from admirable, it shows no violation of petitioner's rights. The final determination of the Secretary is affirmed.

---

**3.** The following is the text of a letter from the United States Attorney to the Regional Attorney of the Department of Health, Education and Welfare, dated June 9, 1978. The United States Attorney sent the letter in response to petitioner's request for enforcement pursuant to the ALJ's statement. *See supra* note 2. A copy was mailed to petitioner.

> Pursuant to my discussions with a member of your staff, I am forwarding to your office a letter and attachments which we received from the Farmworker Project of Mid-Hudson Legal Services, Inc. It is my understanding that it is appropriate for HEW to attempt, on an administrative level, to resolve the failure of the subpoenaed parties to respond.
>
> Of course, if it is impossible to resolve the problem on the administrative level, our office stands willing to take appropriate action to enforce those subpoenas within our district. Please note, however, that many of the subpoenas are directed to companies in Florida and accordingly would have to be forwarded to the appropriate United States Attorney there.

Letter from R. Fiske, Jr., United States Attorney to B. Varmer, Regional Attorney, Department of HEW (June 9, 1978).